Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'13 MAY 29 PM 2: 51

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )
                                   )          CASE NO. CF0047-13
                                   )
            v.                     )
                                   )     DECISION AND ORDER
                                   )     ON MOTION TO RECONSIDER
                                   )
JAY DIAZ SANTOS,                   )
                                   )
                 Defendant.        )
_____    )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 11, 2013 on Defendant's Motion to Reconsider. Assistant Attorney General James Collins represented the People of Guam. Defendant Jay Diaz Santos was represented by Attorney Howard Trapp. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On July 9, 2013, this Court denied Defendant's motion to suppress evidence obtained from a search of his home. On July 17, 2013, Defendant filed his Motion to Reconsider. In it, he echoes the arguments made in support of the motion to suppress and states the Court did not consider his third argument: that there was no probable cause supporting the warrant. Defendant asks that this Court reconsider and vacate its July 9, 2013 Decision and Order.

On July 23, 2013, the People filed their Opposition to the motion, arguing that reconsideration on the Court's part pursuant to Local Rule CVR 7.1 is not appropriate here. On July 24, 2013, Defendant filed his Reply, stating reconsideration is appropriate under CVR 7.1(i)(3). For the reasons set forth below, this Court shall deny the motion.

## DISCUSSION

A motion for reconsideration of the decision on any motion may be made only on the grounds of:

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. CVR 7.1(i). Here, Defendant argues that 7.1(i)(3) is applicable.

Defendant's basis for reconsideration is that "Section III[1] was entirely overlooked." Motion for Reconsideration ¶ 8. Section III essentially states there was no probable cause for the search of Defendant's house. The record before this Court shows otherwise.

The determination as to probable cause has already been made by another Superior Court Judge. Before police proceeded to search Defendant's home, they sought out and obtained a warrant. Thus, this Court issued its July 9, 2013 Decision and Order relying on the same information used to obtain the warrant and the finding of probable cause.

It is not for this Court to review a finding of probable cause by another trial court after that Court's issuance of a warrant. While this Court is aware of Franks Hearings[2] in federal practice, there has been no authority provided to this Court

---

[1] Section III of Defendant's Reply. For unknown reasons, the factual and legal bases for the original Motion to Suppress were found in Defendant's Reply to the People's Opposition to the Motion, rather than with the motion at the outset.

[2] An evidentiary hearing conducted by a District Court to determine whether a magistrate's issuance of a warrant was supported by probable cause when

that such a procedure is adopted under Guam law, nor that it is even applicable under the circumstances found here. This Court is disinclined to become an appellate court for a review of the issuing Superior Court Judge's finding of probable cause.

The warrant issued by the other Court was properly considered by this Court. Defendant's Section III argument was defeated *ab initio*. There being no failure to consider material facts by this Court as provided for in CVR 7.1(i)(3), reconsideration is not proper here.

## CONCLUSION

For the reasons set forth above, Defendant's motion to Suppress is hereby **DENIED**. A Criminal Trial Setting is set for December 31, 2013 at 2:00 p.m.

It is **SO ORDERED** this 29th day of November, 2013.

Original Signed By
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 2 9 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

---

Defendant makes a substantial preliminary showing that a false statement was included in the warrant affidavit and the falsehood was necessary to the finding of probable cause. See Franks v. Delaware, 438 U.S. 154 (1978).

-3-